IN THE COUNTY COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| DELORIS WALLACE, | ) | Case No. CI12 9270 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S INTERROGATORIES, |
| | ) | REQUESTS FOR PRODUCTION AND |
| WEST ASSET MANAGEMENT, INC., | ) | REQUESTS FOR ADMISSION TO |
| | ) | DEFENDANT |
| Defendant. | ) | |

TO:   Defendant:

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, "you" or "your" or "defendant" shall mean the name of Defendant herein or any agents, representatives, officer, directors, employees and all other persons acting or purporting to act on behalf of defendant.

2.     As used herein, "plaintiff" refers to the named plaintiff herein.

3.     The use of masculine gender herein includes the feminine and vice versa; the singular includes the plural and vice versa.

4.     Singular words may extend and be applied to several persons or things as well as to one person or thing. Plural words may extend and be applied to one person or thing as well as to several persons or things.

5.     As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively, and references shall be construed either as singular or plural, as necessary to make the response to these Requests inclusive rather than exclusive.

6.     The present tense of any verb includes the past or future, when



applicable.

7.     The term "person" shall mean any natural person, any individual, partnership, firm, corporation, association, joint venture or any other business or legal entity or institution.

8.     As used herein, the terms "relating to," "relate to," and "relating thereto," when used in connection with any document or communication, mean any documents or communications in any way, logically or factually, recording, summarizing, referring to, responding to, commenting on, describing, digesting, reporting, abstracting, listing, analyzing, studying, transcribing, discussing or containing any facts, information or opinions concerning the identified matters.

9.     As used herein, the terms "document," "documents," and "documentation," include, without limitation, any writing, image or other tangible thing (including the original, all copies and drafts) which are in your custody, possession, control or known by you to exist, whether typewritten, printed, recorded in any form, written or produced by hand, or reproduced by any process, including, but not limited to, all data stored by electronic or mechanical means and printouts of data stored by electronic or mechanical means. This includes, but is not limited to, written, recorded or graphic matter, whether produced, reproduced, or stored on papers, cards, tapes, discs, belts, film, computer storage devices or any other medium. "You" or "your" when used in reference to documents shall include documents in your possession and of whose present or past existence you are aware as well as those prepared by you, unless otherwise stated.

10.     As used herein, the term "image" or "images," includes without limitation any tangible thing (including the original or copies) which are in your custody,

possession or control, whether photographic film, videotape, pdf files on disk, .msg files on disk, j-peg files on disk, color photocopies, printed or recorded in any form, or reproduced by any process, including, but not limited to, all image data stored by electronic or mechanical means and printouts of image data stored by electronic or mechanical means.

11.    "Identify" or "identity" used in reference to an individual person means to state:

    (a)    his full name;
    (b)    his present business and home address;
    (c)    his present employer and present position; and
    (d)    prior positions he has held with plaintiff.

12.    "Identify" or "identity" when used in reference to a corporate person means to state:

    (a)    the full name of said corporation;
    (b)    the present address of the corporate headquarters;
    (c)    the present location of the principal place of business;
    (d)    the state of incorporation; and
    (e)    the name of the business in which said corporation is engaged.

13.    "Identify" or "identity" when used in reference to a document means to state:

    (a)    the date;
    (b)    the author;
    (c)    the type of document (e.g., letter, memorandum, telegram, chart, or other);
    (d)    the addressee or other intended recipient or audience;
    (e)    the title, heading or other designation, numerical or otherwise, of the document;
    (f)    a summary of the contents or other means of identifying it; and
    (g)    its present location and custodian.

14.    "Identify" or "identity" used in reference to a conversation, conference, or meeting, means to state:

(a)    the identity of all persons participating or attending;
(b)    the date and time thereof;
(c)    the location thereof;
(d)    the identity of all documents, recording and summarizing, or otherwise, arising from the conversation, conference, or meeting in accordance with the identifications above; and
(e)    the method of communications used (e.g., telephone, in person, or other means), and if by telephone, specify the caller and person called.

15.    "Claim" refers to any legal claim by a person in which he or she alleges any type of claim, whether in equity or at law. Claims includes, but are not limited to: a personal injury claim; a contract claim; a worker's compensation claim;  a property damage claim; a FELA claim.

16.    With respect to each response as to which you assert a claim of privilege or the applicability of the work product doctrine, separately state the following in addition to the information otherwise requested:

(a)    The privilege or other basis for withholding such information;
(b)    The date of the communication;
(c)    The identity of the author or originator;
(d)    The position of the author or originator at the time of the communication or preparation of the document;
(e)    The identity and present position of its addressee an all other recipients of such document or communication;
(f)    The position of its addressee and all other recipient's document or communication was prepared or originated and at the time it was received;
(g)    The general description of the subject matter of the document or communication;
(h)    The basis of the claim of privilege; and
(i)    The facts and law upon which you will rely in support of that contention.

17.    If a refusal to answer an Interrogatory or Request for Production is stated on the grounds of burdensomeness, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours

and costs required to conduct the search.

## INTERROGATORIES

You are hereby notified to answer separately, in writing and under oath, pursuant to Neb. Ct. R. Disc. § 6-333, the following interrogatories within forty-five (45) days of receipt. These interrogatories shall be deemed continuing, and if Defendant, Defendant's agents or representatives acquire additional information or knowledge regarding the answers to such interrogatories, supplemental answers should be made, advising the attorney(s) for Plaintiff of the newly discovered information as far in advance of trial as possible.

**INTERROGATORY NO. 1:**     State the correct legal name of your organization and state any other names which your organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration

**ANSWER:**

**INTERROGATORY NO. 2:**     State the date and place you have been licensed to do business, including any state licenses to conduct a debt collection business. For each such state, provide:

      (a)    The state in which you conduct debt collection business; and

      (b)    Any license numbers applicable for each state your organization is registered to conduct business.

**INTERROGATORY NO. 3:**     For each witness who has any facts concerning the allegations contained in plaintiff's Complaint or defendant's Answer, please:

      (a)    Identify each such witness;

(b)     Set forth the subject matter on which the witness has knowledge of.

**ANSWER:**

**INTERROGATORY NO. 4:**        For each expert witness you, or a person on your behalf, expect to call to testify at trial of this matter, please:

(a)     Identify each such expert witness;

(b)     Set forth their qualifications;

(c)     Set forth the subject matter on which said expert is expected to testify;

(d)     Set forth the substance of the facts and opinions to which the expert is expected to testify;

(e)     Set forth a summary of the grounds for each such opinion;

(f)     Set forth all codes, standards, rules, regulations, written documents, guidelines, and/or any other recognized industry or professional standards that said experts will rely upon in support of their opinions.

**ANSWER:**

**INTERROGATORY NO. 5:**        If any person or entity has conducted any surveillance of plaintiff with respect to any matter relevant to this litigation, please state:

(a)     identify each person conducting such surveillance;

(b)     Identify each such surveillance.

**ANSWER:**

**INTERROGATORY NO. 6:**        Please set forth the following information known to Defendant or any of his/her representatives, excluding that protected by the

attorney-client privilege or the work product doctrine, regarding any allegation contained within plaintiff's Complaint or defendant's Answer:

(a)   in detail the underlying facts relating to said allegations;

(b)   identify all witnesses supporting said allegations;

(c)   a brief synopsis of the knowledge of said witness regarding said allegation;

(d)   identify any evidence regarding said allegation.

**ANSWER:**

**INTERROGATORY NO. 7:**   Please set forth the following information known to Defendant or any of his/her representatives, excluding that protected by the attorney-client privilege or the word product doctrine, regarding any facts supporting any affirmative defense alleged in defendant's Answer:

(a)   in detail the underlying facts relating to said affirmative defenses;

(b)   identify all witnesses supporting those facts;

(c)   a brief synopsis of the knowledge of said witness regarding said affirmative defenses;

(d)   identify all evidence supporting said facts.

**ANSWER:**

**INTERROGATORY NO. 8:**   Please identify with specificity all exhibits that Defendant will offer at trial.

**ANSWER:**

**INTERROGATORY NO. 9:**   Identify every person known to you or your attorney who claims to have seen or heard the plaintiff make any statement or

statements pertaining to any of the events or happenings alleged in plaintiff's Complaint or defendant's Answer, including those involving the incident that is the subject of this action and any alleged injuries or damages.

**ANSWER:**

**INTERROGATORY NO. 10:**      Please set forth the basis for denial of plaintiff's claim sought in plaintiff's complaint. For each such basis, please:

(a)   In detail the underlying facts relating to said denials;

(b)   The provisions of the insurance policy at issue in this action, if any, supporting such denial;

(c)   Identify all witnesses supporting said denials;

(d)   Identify all evidence supporting said denials with specific reference to any such evidence.

**ANSWER:**

**INTERROGATORY NO. 11:**      Please set forth the following regarding Plaintiff's Requests for Admission:

(a)   For each request for admission which you deny in whole or in part, state the facts as you know them to be;

(b)   For each request for admission for which you deny identify all witnesses and exhibits supporting your denial;

(c)   If your denial is based on your inability to admit or deny "after reasonable investigation or inquiry", which you claim a lack of knowledge, insufficient knowledge or an equivalent response, please set forth:

(1)    The details of the investigation or inquiry which was undertaken by you, your attorney, your agent or any other person on your behalf so as to respond to the Request; and

(2)    What investigation is necessary for you to either admit or deny without these items (inability to admit or deny "after reasonable investigation or inquiry", which you claim a lack of knowledge, insufficient knowledge or an equivalent response) being the basis of your denial;

(d)    If you deny and/or object to a request for admission on the basis that it does not relate to a statement of fact or opinion of fact or of the application of law to fact, please set forth your basis why the Request does not; and

(e)    Identify all facts upon which you will rely upon if plaintiff files a Motion to Compel, to demonstrate that any denial was made in good faith pursuant to the Nebraska Rules of Discovery.

**ANSWER:**

**INTERROGATORY NO. 12:**    For each communication, whether oral, electronic or written, between plaintiff and an employee of defendant, please set forth:

(a)    Identify the date and time of said communication;

(b)    Identify the name of defendant's employee;

(c)    Any policies in effect by defendant regarding defendant's employee communicating with plaintiff;

(d)    The substance of the communication;

(d)    If oral, whether it was recorded; and

(e)    What actions, if any, defendant did as a result of said communication;

**INTERROGATORY NO. 13:**        Identify the following relating to the collection of the alleged debt from plaintiff as set forth in plaintiff's Complaint, including without limitation:

(a)    All letters, memoranda, and other forms of written communication to or from any employee of defendant relating in any way to the collection of the alleged debt from plaintiff at issue in this action;

(b)    All written records of any oral communication, whether in person or by telephone, to or from any employee of defendant relating in any way to the collection of the alleged debt from plaintiff at issue in this action;

(c)    All written communications and written records of oral communications, whether in person or by telephone, to or from any employee of defendant and plaintiff;

(d)    All written communications and written records of oral communications, whether in person or by telephone, to or from any employee of original creditor and plaintiff;

(e)    All other written documents pertaining to the to the collection of the alleged debt from plaintiff at issue in this action;

**ANSWER:**

**INTERROGATORY NO. 14:**        Identify and describe any documents used to describe, record or establish Defendant's methods, procedures and techniques to be used

in the collection of consumer debts.

**ANSWER:**

**INTERROGATORY NO. 15:**     Identify and describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer debts, and state Defendant's policies and procedures for using such system.

**ANSWER:**

**INTERROGATORY NO. 16:**     List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by defendant in its records or in the process of collecting consumer debts.

**INTERROGATORY NO. 17:**     Set forth how defendant transmitted telephone calls to plaintiff, including whether defendant used an automated dialer for outbound calls.

**ANSWER:**

**INTERROGATORY NO. 18:**     If you had a policy of insurance, whether liability or umbrella, or bond in force during the incidents alleged in plaintiff's Complaint, please set forth:

(a)     The name of each insurance or bond company;

(b)     The policy limits of each such policy or bond.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Pursuant to Neb. Ct. R. Disc. § 6-334, Plaintiff requests that Defendant produce copies of the documents requested, or the originals for copying, within forty-five (45) days of service hereof, to counsel for plaintiff.

.If you claim privilege as a ground for not producing any documents or things which you deem privileged in whole or in part, the documents or things and their subject matter should be identified to the fullest extent possible consistent with such claim of privilege, indicating to whom copies were distributed, and you should state the nature of the privilege claimed, and specify the grounds relied upon for the claim of privilege, and describe the factual or legal basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

Any document containing any of the information specified in any Request shall be deemed called for, whether or not it contains all the information so specified. If a request calls for documents or things which cannot now be precisely and completely furnished, such documents and things as can be furnished should be included in the response, together with a statement that the further information cannot be furnished, and a statement as to the reasons therefor. If you expect to obtain further documents or things between the time answers are served and the time of trial, please state this fact in each response. If the documents or things which cannot now be furnished are believed to be available to another person, please identify such other person. Defendant is not requested to produce any document protected by privilege, the work product doctrine, or are otherwise not discoverable.

**REQUEST FOR PRODUCTION NO. 1:** A copy of all documents, photographs, films, or other tangible evidence, excluding those protected by privilege, the work product doctrine, or otherwise not discoverable, identified, discussed, referred to or otherwise related to your Answers to Plaintiff's Interrogatories or your Responses to Plaintiff's Requests for Admission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   A copy of any statement taken from plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   A copy of any expert witness', as identified in your Answers to Interrogatories, most recent curriculum vitae or resume.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   A copy of any expert witness' report for those experts identified in your Answers to Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   A copy of any document provided to any expert identified in your Answers to Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** A copy of any code, standard, rule, regulation, written document, guideline, and/or other recognized industry or professional standard that any expert witness identified in your Answers to Interrogatories, will rely upon in support of their opinions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** A copy of any diary, journal or note, not otherwise protected by privilege, made by Defendant regarding the subject matter of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** A copy of all correspondence between

plaintiff or plaintiff's attorney and defendant relating to the collection of the alleged debt at issue in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  A copy of any evidence supporting the denial of plaintiff's claim as sought in plaintiff's complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**      A copy of any exhibit Defendant will offer at trial excluding those offered solely for impeachment, rehabilitation or rebuttal purposes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**      A copy of any document received in response to defendant's Notice to Take Records Deposition, Subpoena, or Subpoena Duces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**      A    copy    of    any    document supporting any denial of any of plaintiff's Requests for Admission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**      A    copy    of    any    document supporting or evincing defendant's right to collect the alleged debt set forth in plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**      A copy of any call log, or record of all calls or attempted calls, made to the plaintiff, or to individuals whom you sought

information on the whereabouts of the plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**      A   copy   of   any   communication

between plaintiff and defendant.

**RESPONSE:**

## REQUESTS FOR ADMISSION

Pursuant to Neb. Ct. R. Disc. § 6-336 (Rule 36 of the Nebraska Rules of Discovery for Civil Cases), you are hereby directed to respond to the following Request for Admissions in writing, under oath, within forty-five (45) days from the date of service. The matter of which an admission is requested shall be deemed admitted unless, within forty-five (45) days after service of these requests, you serve upon Plaintiff, by and through his attorney, a written answer or objection addressed to the matter. If objection is made, the reasons for your objection shall be stated. The answers shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Any denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer or deny only a part of the matter of which an admission is requested, it shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

Please note that a party who fails to admit the genuineness of any document or the truth of any matter as requested and under Neb. Ct. R. Disc. § 6-336 may be

required by the Court under Neb. Ct. R. Disc. § 6-337(c) to pay the reasonable expenses of the party making the request, including reasonable attorney's fees. If Plaintiff must bear the expense of proving any matter requested to be admitted herein, which should have been admitted by Defendants but was denied either in whole or in part, Plaintiff shall seek sanctions, attorney's fees and expenses under the Nebraska Discovery Rules for Civil Cases, Neb. Ct. R. Disc. § 6-336(a), 337(a)(4) & 337(c), pursuant to Salazar v. Scottsbluff City, 266 Neb. 444, 665 N.W.2d 659 and Hayden v. Neville, No. A-05-004 (April 24, 2007).

COMES NOW plaintiff and requests Defendant admit:

**REQUEST FOR ADMISSION NO. 1:**    That the allegations contained within Plaintiff's Complaint are true and accurate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**    That any Statutes or identified in plaintiff's Complaint were in full force and effect at the times listed in plaintiff's complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**    That defendant is a debt collector as set forth in the Fair Debt Collections Practices Act Stat 803, 15 U.S.C. § 1692a(6).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**    That plaintiff is a "consumer" as that word is defined by the Fair Debt Collections Practices Act Stat. 803, 15 U.S.C. § 1692a(3).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**    That the alleged debt defendant attempted to collect is a "consumer debt" as that term is defined in the Fair Debt

Collections Practices Act Stat 803, 15 U.S.C. § 1692a(5).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**    That plaintiff was threatened by defendant as a result of defendant's actions in attempting to collect the alleged debt set forth in plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**    That plaintiff was harassed by defendant as a result of defendant's actions in attempting to collect the alleged debt set forth in plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**    That plaintiff was abused by defendant as a result of defendant's actions in attempting to collect the alleged debt set forth in plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**    That the alleged debt defendant attempted to collect from plaintiff is not a valid or enforceable debt.

**RESPONSE:**

Delores Wallace, Plaintiff

BY:    LAPIN LAW OFFICES
Attorneys for Plaintiff
8033 South 15th St., Suite A
P.O. Box 22807
Lincoln, NE  68542
(402) 421-8033
tlunn@lapinlawoffices.com

Tregg R. Lunn #22999

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that he served the foregoing to defendant:

WEST ASSET MANAGEMENT, INC
c/o CSC-LAWYERS INCORPORATING SERVICE COMPANY
SUITE 1900
233 SOUTH 13TH STREET
LINCOLN, NE 68508

by United States Mail, sufficient postage prepaid, on August 23, 2012.

_____
Attorney for Plaintiff(s)



UNITED STATES POSTAGE

PITNEY BOWES
$ 007.000
02 1P
0001703595  AUG 23 2012
MAILED FROM ZIP CODE 68512

CERTIFIED MAIL

7008 1140 0003 6420 1131

**Lapin Law Offices**
8033 S. 15th St., Suite A
P O Box 22807
Lincoln, NE 68542-2807

TO:

WEST ASSET MANAGEMENT, INC
c/o CSC-LAWYERS INCORPORATING
SERVICE COMPANY
233 SOUTH 13TH STREET, SUITE 1900
LINCOLN, NE 68508

IN THE COUNTY COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| DELORES WALLACE, | ) | Case No. CI12-9270 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED COMPLAINT, JURY |
| | ) | DEMAND AND PRAECIPE |
| WEST ASSET MANAGEMENT, INC., | ) | (Unfair Debt Collection) |
| | ) | |
| Defendant. | ) | |

COMES NOW plaintiff and alleges:

1.   Parties

A.   Plaintiff is a resident of Ralston, Douglas County, Nebraska. Plaintiff is a natural person. Plaintiff is a "consumer" as that term is defined by *15 U.S.C. § 1692a(3)*.

B.   Defendant is a company based in Nebraska.

1)   Defendant does business in Nebraska;

2)   Defendant is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*;

3)   Defendant's principal business purpose is the collection of debts using the mail and telephone;

4)   Defendant regularly attempts to collect debts alleged to be due another or, in the alternative, purchases alleged debts from other vendors to collect on Defendant's own behalf;

5)   At all times relevant, defendant acted through its representatives, agents and/or employees. Said individuals

were working within the scope and course of their representation, agency and/or employment; and

6) Defendant is licensed as a collection agency by the State of Nebraska;

2. At all relevant times the following statutes were in full force and effect:

A. *15 U.S.C. § 1692 et seq.* (hereinafter the "Fair Debt Collections Practice Act" or "FDCPA");

B. *47 U.S.C. § 227 et. seq.* (hereinafter the "Telephone Consumer Protection Act" or "TCPA");

C. *Neb. Rev. Stat. §§ 45-601 to 45-622 and 45-1043 to 45-1058.*

3. This Court has jurisdiction over this action pursuant to *15 U.S.C. § 1692k(d).*

4. Sometime prior to August 1, 2012 Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Bergan Mercy Hospital (hereinafter the "Account").

5. Said Account, without admitting the validity of the debt or the amount allegedly due, is a "debt" as that term is defined by *15 U.S.C. § 1692a(5).*

6. Said Account allegedly went into default with Bergan Mercy Hospital.

7. Sometime after the Account allegedly went into default, the Account was placed or otherwise transferred to Defendant for collection.

8. Plaintiff disputes the amount alleged by Defendant owed on said Account.

9.     Plaintiff requests that the Defendant cease all communication on the Account.

## FIRST CAUSE OF ACTION (FDCPA)

10.    Defendant and its representatives, employees and / or agents ;

A.     Placed repeated calls which were meant to harass, abuse or oppress Plaintiff;

B.     Despite complete satisfaction of the Account by a third party on July 9, 2012, Defendant continued attempt to collect on the Account;

C.     Used false, misleading and deceptive means in attempts to collect on the Account from Plaintiff;

D.     Left at least one message on Plaintiff's voicemail disclosing that Defendant was a collection agency and that Defendant was attempting to collect a debt, which was accessible to third parties.

11.    Each aforementioned action and/or statement individually constitute a "communication" as defined by the *FDCPA § 1692a(2)*.

12.    The aforementioned statements and actions:

A.     Are part of a campaign of abusive and unlawful collection tactics directed at Plaintiff;

B.     Were false and/or were false representations in connection with the collection of the Account and violate *15 U.S.C. § 1692e preface* & *15 U.S.C. § 1692e*;

C.     Were harassing, abusive and/or threatening and constitute violations of *15 U.S.C. § 1692d(2)*;

D.     Constitute unfair or unconscionable means to collect or attempt to collect a debt and violate *15 U.S.C. § 1692f preface*;

E.     Were made to frighten, harass and abuse Plaintiff into paying the alleged debt; and/or

F.     Were willful and intentional violations of the FDCPA.

13.    As a proximate cause of Defendant's aforementioned actions and/or statements Plaintiff sustained actual damages.

14.    Under the FDCPA, specifically, *15 U.S.C. § 1692k(a)(2)(A)*, Plaintiff is entitled up to $1,000.00 in statutory damages.

15.    Under the FDCPA, specifically, *15 U.S.C. § 1692k(a)(3)*, Plaintiff is entitled to reasonable attorney fees and costs.

16.    Plaintiff demands a jury trial.

## SECOND CAUSE OF ACTION (TCPA)

17.    Defendant and its representatives, employees and / or agents:

A.     Defendant, through the use of an automated dialer, called Plaintiff's home telephone and cellular telephone on more than one occasion in a 12-month period.

B.     Defendant called Plaintiff's cellular phone at least 5 times;

B.     Defendant did not have a prior business relationship with Plaintiff.

18.    As a proximate cause of Defendant's aforementioned actions and/or statements Plaintiff sustained damages.

19.    The Defendant's actions were willful violations of *47 U.S.C. § 227(b)* and the Plaintiff, individually, is entitled $1,500.00 for each willful violation pursuant to *47*

*U.S.C. § 227(b)(3).*

WHEREFORE, Plaintiff requests judgment against defendant for:

A.   Actual damages under *15 U.S.C. § 1692k(a)(1)*;

B.   Statutory damages under *15 U.S.C. § 1692k(a)(2)(A)* in the amount of $1,000.00;

C.   Reasonable attorney fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)*;

D.   Statutory damages under *47 U.S.C. § 227(b)(3)* in the amount of $1,500 per call;

E.   Such other and further relief as the Court deems just and proper.

Delores Wallace, Plaintiff

BY:   /s/ Tregg R. Lunn
      NSBA #22999
      LAPIN LAW OFFICES
      Attorneys for Plaintiff
      8033 South 15th St., Suite A
      Lincoln, NE 68512
      (402) 421-8033
      tlunn@lapinlawoffices.com

Image ID:
D02029416C02

## SUMMONS

Doc. No.   2029416

IN THE COUNTY COURT OF Lancaster COUNTY, NEBRASKA
575 South 10th Street
2nd Floor
Lincoln        NE 68508

Delores Wallace v. West Asset Management, Inc.

Case ID: CI 12      9270

TO:  West Asset Management, Inc.

You have been sued by the following plaintiff(s):

Delores Wallace

Plaintiff's Attorney:    Tregg R Lunn
Address:                 8033 S 15th St, Ste A
                         PO Box 22807
                         Lincoln, NE 68512-2807
Telephone:               (402) 421-8033

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  AUGUST 22, 2012        BY THE COURT:    _Dely J Buchman_
                                               Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

West Asset Management, Inc.
Suite 1900
233 South 13th Street
Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

EXHIBIT
B

## SERVICE RETURN

Doc. No.   2029416

Lancaster County Court
575 South 10th Street
2nd Floor
Lincoln                    NE 68508

To:

Case ID: CI 12      9270 Wallace v. West Asset Management, Inc.

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock ___M. I served copies of the Summons upon the party:

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage _____miles        _____

   TOTAL                 $ _____

Date: _____    BY: _____
                                           (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: West Asset Management, Inc
     C/o CSC-Lawyers Incorporating Service Company
At the following address: 233 S. 13th Street, Suite 1900

          Lincoln NE 68508

on the 23rd day of August            2012 as required by Nebraska state law.

Postage $ 7⁰⁰       Attorney for: Delores Wallace

The return receipt for mailing to the party was signed on August 24, 2012.

To: West Asset Management, Inc.
     Suite 1900
     233 South 13th Street
     Lincoln, NE 68508

From: Tregg R Lunn
      8033 S 15th St, Ste A
      PO Box 22807
      Lincoln, NE 68512-2807

# ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

West Asset Management, Inc.
c/o CSC-Lawyers Incorporating Service Company
233 S. 13th St # 1900

Lincoln NE 68508

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0003 6420 1131

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.70 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.00 |

TRLS 12-062

Postmark Here

8-23-12

Sent To West Asset Management, Inc.
Street, Apt. No. c/o CSC-Lawyers Incorporating Service Company
or PO Box No. 233 S. 13th St, Suite 1700
City, State, ZIP+4
Lincoln NE 68508

PS Form 3800, August 2006    See Reverse for Instructions

7008 1140 0003 6420 1131

## COUNTY COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| DELORES WALLACE | )     CI 12-9847 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WEST ASSET MANAGEMENT, INC., | ) |
| | )    **NOTICE OF FILING NOTICE OF** |
| Defendant. | )    **REMOVAL TO THE UNITED STATES** |
| | )    **DISTRICT COURT FOR THE DISTRICT** |
| | )    **OF NEBRASKA** |
| | ) |

TO:    Tregg R. Lunn
       Lapine Law Offices
       8033 S. 15th Street, Suite A
       Lincoln, NE 68512
       Phone: (402) 421-8033
       tlunn@lapinelawoffices.com
       Attorney for Plaintiff Delores Wallace

### NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that, in accordance with federal law, *e.g.*, 28 U.S.C. §§1441 and

1446, this case has been removed to the United States District Court for the District of

Nebraska. A copy of the *Notice of Removal* is attached as Exhibit "A." In accordance

with the removal statutes, the State court shall proceed no further unless and until the

case is remanded.

                              _____
                              Robert L. Bals, Esq.
                              Attorney for West Asset Management, Inc.

Robert L. Bals, Esq.
Harding & Shultz, P.C., L.L.O.
121 S. 13th Street, Suite 800
P.O. Box 82028
Lincoln, NE 68501
(402) 434-3000
Fax: (402) 434-3094
bbals@hslegalfirm.com
Attorney for Defendant West Asset Management, Inc.

**EXHIBIT**
*tabbies*
C

## CERTIFICATE OF SERVICE

I certify that on this 21st day of September, 2012, a copy of the foregoing **Notice**

**of Filing of Notice of Removal to the United States District Court for the District of**

**Nebraska** was sent to the plaintiff's counsel at the below address by first-class United

States mail, postage prepaid.

>Tregg R. Lunn
>NSBA #22999
>LAPIN LAW OFFICES
>8033 South 15th St., Suite A
>Lincoln, NE 68512
>Telephone: (402) 421-8033
>tlunn@lapinlawoffices.com

Robert L. Bals, Esq.
Attorney for West Asset Management, Inc.